Mr. Jeff Erf 2711 Woodcliff Road Fayetteville, AR 72701-7300
Dear Mr. Erf:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that you requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101et seq.).
You indicate that you presented a request under the FOIA to the Fayetteville Public Schools for copies of the "Superintendent's Benefit Package approved June 26, 2003 by the Fayetteville Board of Education." You further state that in response to your request, the custodian of the records provided you with a one-page record listing each benefit in the Superintendent's Benefit Package and giving a brief description of each item. When you, in turn, requested records detailing these items, the custodian of the records declined to provide such records, relying upon Attorney General Opinion No. 97-189. The particular statement from that opinion upon which the custodian of the records relied was a statement to the effect that records concerning certain personal information, such as insurance records and tax records, are usually not releasable.
I am directed by law to issue my opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
As an initial matter, I must note that I have not been provided with copies of any of the records in question. I therefore cannot opine definitively concerning the releasability of any particular record, since such a definitive conclusion would require (at a minimum) a review of the records. I also note that it is not clear whether the custodian's reliance on Opinion No. 97-189 was warranted or not, since I am not in a position to determine whether the records that were at issue in that opinion are comparable to those that you have requested. Nevertheless, I can set forth the appropriate legal tests that must be applied to ascertain the releasability of the records in question.
Records reflecting the compensation of public employees are generally classified as "personnel records," within the meaning of the FOIA. See,e.g., Op. Att'y Gen. No. 2003-385. This classification dictates that the releasability of the records is determined under the test set forth at A.C.A. § 25-19-105(b)(12). Under this test, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." Id. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest, it is sufficient if the privacy interest is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id.
This office has consistently taken the position that the public's interest in the compensation paid to public employees is substantial, and that records reflecting compensation information should generally be released. See, e.g., Ops. Att'y Gen. Nos. 2003-385; 2003-298.
This office has also taken the position that some types of benefit information are not disclosable. These are the types of information that were referenced in Opinion No. 97-189, which was relied upon by the custodian of the records in declining to respond to your request. More specifically, this office has taken the position that records reflecting personal details about insurance coverage and tax withholding are generally not releasable. It appears that some of the information that the custodian of the records declined to provide to you was information concerning the Superintendent's insurance coverage. Regarding the releasability of insurance information, it is important to distinguish between, on the one hand, records reflecting the fact that a public official receives insurance coverage and the amount paid for that coverage, and on the other hand, the personal details of the coverage, such as whether dependents are covered and the amount that is deducted from the official's compensation for coverage. It is my opinion that the first type of record — i.e., records reflecting the fact that a public official receives insurance coverage and the amount paid by the public entity for that coverage — is releasable. This is a part of the official's compensation for which the public is paying, and the public therefore has a substantial interest in it. The second type of record —i.e., records reflecting the personal details of coverage, such as whether dependents are covered and the amount that is deducted from the official's compensation for coverage — is not releasable. This is personal information in which the public does not have a counter-balancing interest.
On the basis of these principles, therefore, it is my opinion that you are entitled to receive copies of all records reflecting the Superintendent's compensation, including the amount paid for insurance coverage. If any of these records contains personal details of coverage, such as whether dependents are covered and the amount deducted from the Superintendent's compensation for coverage, this information should not be released.
It should be noted that some information that is exempt from disclosure may be intermingled with other information that is subject to disclosure. The FOIA provides that this fact does not justify withholding a record from disclosure. See A.C.A. § 25-19-105(f)(1). The record must be released after any exempt information is redacted. See A.C.A. §25-19-105(f)(2).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General